IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ASOCIACIÓN DE ENFERMERÍA VISITANTE AUFFANT, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GREAT-WEST LIFE AND ANNUITY INSURANCE COMPANY, et al.,<br><br>    Defendants. | Civil No. 09-1514 (BJM) |

## REPORT AND RECOMMENDATION

Before the court are two motions to dismiss the complaint filed by plaintiffs Asociación de Enfermería Visitante Gregoria Auffant, Inc. ("AEVGA") and Plan de Beneficios Definidos de AEVGA ("Pension Plan") (collectively, "AEVGA" or "plaintiffs") against defendants Great-West Life and Annuity Insurance Company ("Great West"), Metropolitan Life Insurance ("Metropolitan"), Metlife Securities, Inc. ("Metlife"), General American Life Insurance Company ("General American") (collectively, the "Metropolitan defendants"), Caribbean Pension Consultants, Inc. ("CPC"), Fascore LLC ("Fascore"), and GWFS Equities, Inc. ("GWFS") (collectively, "defendants").[1] The Metropolitan defendants removed plaintiffs' complaint, which alleges breach of contract and violation of the Puerto Rico Uniform Securities Act ("PRUSA"), as amended, 10 L.P.R.A. §§ 851 *et seq.* (Docket Nos. 1-5, 1-6), from the Puerto Rico courts to this court before defendant CPC had been served. (Docket No. 1). The Metropolitan defendants and CPC filed motions to dismiss the complaint (Docket Nos. 45, 66, 68), and plaintiffs have opposed. (Docket Nos. 57, 74). The case was referred to me by the presiding judge for disposition as to the

---

[1] Fascore and GWFS were served process (Docket Nos. 30, 31) but have not answered the complaint and are not included among the defendants that have moved to dismiss the complaint.

**Asociación de Enfermería Visitante Gregoria Auffant, Inc., et al. v.**           Page 2
**Great West Life and Annuity Insurance Co., et al.**
CIVIL NO. 09-1514 (BJM)
**REPORT AND RECOMMENDATION**

Metropolitan defendants and for a report and recommendation as to defendant CPC.[2] (Docket Nos. 15, 79). 28 U.S.C. § 636. After careful consideration, I recommend that the court **grant** CPC's motion to dismiss and **grant in part and deny in part** the Metropolitan defendants' motion to dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff AEVGA is a non-profit organization headquartered in Hato Rey, Puerto Rico, that offers in-home care and health services. AEVGA offers its employees various employment benefits, including an annuity program (the "Annuity Plan"), whose benefits are provided under the terms of an annuity contract (the "Annuity Contract") in which the Annuity Plan's funds are invested. (Docket No. 1-6, ¶¶ 1, 10, 12, 14). Plaintiff Pension Plan is the AEVGA employees' retirement pension plan. The Pension Plan, which has been frozen since November 1, 1998, covers AEVGA employees, all of whom are Puerto Rico residents. (Id., ¶ 2).

Defendants have been AEVGA's financial planning advisors and have jointly provided the administrative services for employee benefits offered by AEVGA. (Id., ¶ 11). The Annuity Contract was issued by defendant General American and maintained by defendants Metropolitan, MetLife, Great West, and Fascore. (Id., ¶ 12). Defendant General American is an insurance company incorporated in Missouri and authorized to do business in Puerto Rico. General American issued the Annuity Contract, contract number 454137-P1, to AEVGA, and contract number 454136-P1 (the "Pension Contract") (together, the "Contracts") to the Pension Plan.[3] (Id., ¶¶ 1, 3). General American is affiliated with defendant Metropolitan, an insurance company headquartered in New

---

[2] While plaintiffs and the Metropolitan defendants consented to magistrate judge jurisdiction (Docket No. 14), defendant CPC, which was subsequently served (Docket No. 32), declined to consent. (Docket No. 78). Because my analysis is largely based on the same grounds as to both parties, and in order to avoid any risk of conflicting opinions, I am issuing a report and recommendation as to all defendants.

[3] Although incorporated by reference into the complaint, the Contracts are not in evidence.

**Asociación de Enfermería Visitante Gregoria Auffant, Inc., et al. v.**  Page 3
**Great West Life and Annuity Insurance Co., et al.**
CIVIL NO. 09-1514 (BJM)
**REPORT AND RECOMMENDATION**

York and authorized to do business in Puerto Rico. Metropolitan manages the Annuity and Pension Contracts. (Id., ¶ 4). Defendant MetLife, a corporation headquartered in New York, is a subsidiary of Metropolitan. (Id., ¶ 5). Defendant Fascore is a corporation headquartered in Colorado that provides services on behalf of Metropolitan and General American. (Id., ¶ 9). Defendant Great West, an investment company headquartered in Colorado, acquired the Contracts, which were offered through Great West's subsidiary, defendant GWFS, a corporation headquartered in Colorado. (Id., ¶¶ 6-7). Defendant CPC is an investment firm headquartered in Florida dedicated to offering consulting and employment benefit administration services. CPC was acquired by Oriental Bank and Trust ("OBT") to offer its retirement plan administration services to its customers. (Id., ¶ 8).

According to the complaint, General American and Metropolitan sold the Annuity Contract to AEVGA without registering that contract with the Puerto Rico Office of the Commissioner of Financial Institutions ("OCFI") or providing AEVGA's officers a copy of the Annuity Contract's prospectus with information on the contract's details. Furthermore, General American and Metropolitan did not designate a duly authorized, registered representative to provide AEVGA's officers the orientation, information, and financial assistance necessary to make decisions relating to the Annuity Contract's management and administration. Likewise, when Great West took over administration of the Contracts, it did not designate an authorized representative to offer plaintiffs financial assistance and advice regarding administration of the Contracts' funds. Defendants have refused to respond to AEVGA's requests regarding the Contracts. (Id., ¶¶ 6, 12, 14, 15).

The return of funds under the Annuity Contract depends substantially on the results of the investment of a fund or a separate account invested in the acquisition of securities. (Id., ¶ 13). The value of the Annuity Contract has decreased, resulting in a reduction of benefits for participating employees. (Id., ¶ 15). Notwithstanding AEVGA's officers' fruitless efforts to cancel the Annuity Contract and prevent the loss of its value, the investments maintained in the Annuity Contract had sustained losses of around $50,000 at the time the complaint was filed. (Id., ¶ 16).

**Asociación de Enfermería Visitante Gregoria Auffant, Inc., et al. v.**  Page 4
**Great West Life and Annuity Insurance Co., et al.**
CIVIL NO. 09-1514 (BJM)
**REPORT AND RECOMMENDATION**

In their first cause of action, plaintiffs claim that these losses and related damages have resulted from defendants' alleged violations of the Puerto Rico Uniform Securities Act ("PRUSA"), 10 L.P.R.A. §§ 851 *et seq.*, in not (1) registering the investment with the OCFI as required by law or (2) appointing an authorized representative to handle AEVGA's claims. (Id., ¶¶ 12, 18). AEVGA's attempt to submit this claim to the OCFI and the Puerto Rico Office of the Insurance Commissioner ("OIC") was denied on the grounds that those offices lack jurisdiction to handle claims pertaining to employee benefits. (Id., ¶ 17).

Plaintiffs' second cause of action, alleging breach of contract relating to the Pension Plan, "arises as a result of the same series of acts, omissions or events that gave rise to the first cause of action in this case." (Id., ¶¶ 19, 23). Plaintiffs claim that defendants, including CPC, failed to comply with their contractual obligations by not (1) preparing actuarial reports required by the Pension Plan or (2) processing the Pension Plan's benefit payments. Plaintiffs allege that defendants' noncompliance and Fascore's intervention with the administration of the Pension Contract prevented OBT and its subsidiary CPC from providing services to the Pension Plan in their role as the plan's administrators, kept Banco Santander de Puerto Rico and OBT from providing their agreed-upon services to AEVGA, and disrupted the preparation of the actuarial reports required for the Pension Plan such that the reports could not be completed. (Id., ¶¶ 19-21).

At the time the complaint was filed in March 2009, the United States Department of Labor ("DOL") was requiring plaintiffs to pay fines and penalties for not having prepared certain actuarial reports that CPC allegedly should have prepared. (Id., ¶ 20). Plaintiffs' second cause of action claims an estimated $200,000 in damages, including the DOL's fines. (Id., ¶ 22). The complaint states that the claim is for breach of contract only and "does not involve fiduciary action, since all the defendants have refused to recognize that they have any fiduciary obligations in regard to the administration of [the Annuity and Pension Plans]." (Id., ¶ 23). Defendants removed to this court in June 2009 on diversity of citizenship and federal question grounds, 28 U.S.C. §§ 1332, 1441(a)-

Asociación de Enfermería Visitante Gregoria Auffant, Inc., et al. v.    Page 5
Great West Life and Annuity Insurance Co., et al.
CIVIL NO. 09-1514 (BJM)
**REPORT AND RECOMMENDATION**

(b), alleging complete preemption of plaintiffs' claims by the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq*. (Docket No. 1).

## STANDARD OF REVIEW

In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must allege "a plausible entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). However, a court should "accept well-pled factual allegations in the complaint as true and make all reasonable inferences in the plaintiff's favor." Miss. Pub. Employees' Ret. Sys. v. Boston Scientific Corp., 523 F.3d 75, 85 (1st Cir. 2008). The court may consider documents the authenticity of which are not disputed by the parties, documents central to the plaintiffs' claim, and documents sufficiently referred to in the complaint. Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007) (internal citation omitted); Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998).

While a complaint need not contain detailed factual allegations in order to withstand dismissal, a plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citation omitted). The court need not accept as true legal conclusions or "naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 557) (internal alteration omitted); Maldonado v. Fontanes, 568 F.3d 263, 267 (1st Cir. 2009). The complaint must allege enough factual content to nudge a claim across the line from conceivable to plausible. Iqbal, 129 S.Ct. at 1952 (citing Twombly, 550 U.S. at 570). The court's assessment of the pleadings is context-specific, requiring the court "to draw on its judicial experience and common sense." Id. at 1949. The plaintiff must show more than the "sheer possibility that a defendant has acted unlawfully." Id. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but has not shown, that the pleader is entitled to relief. Id.

**Asociación de Enfermería Visitante Gregoria Auffant, Inc., et al. v.**     Page 6
**Great West Life and Annuity Insurance Co., et al.**
CIVIL NO. 09-1514 (BJM)
**REPORT AND RECOMMENDATION**

at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

## DISCUSSION

**I.     ERISA Preemption**

Defendants' motions to dismiss argue, albeit perfunctorily, that plaintiffs' Puerto Rico law claims are preempted by ERISA. (Docket Nos. 45, p. 2; 66, p. 2). ERISA provides a comprehensive regulatory scheme that broadly preempts any state laws that "relate to" employee benefit plans. 29 U.S.C. § 1144(a). Where a plaintiff's purported state law claims in fact allege breach of fiduciary duty within the meaning of ERISA, ERISA completely preempts the state law claims. <u>Dudley Supermarket, Inc. v. Transamerica Life Ins. and Annuity Co.</u>, 302 F.3d 1, 3 (1st Cir. 2002). The Metropolitan defendants' notice of removal[4] contends that ERISA completely preempts plaintiffs' claims because the claims "in substance seek relief that is otherwise within the scope of ERISA['s] remedy provisions." (Docket No. 1, p. 4, ¶ 9).

**A.     Breach of Contract**

I agree with defendants with respect to plaintiffs' breach of contract claim. In <u>Dudley Supermarket</u>, the trustees of an employee benefit plan sued the defendant financial services company for state and common law claims of negligence, breach of contract, and unfair trade practices due to the defendant's allegedly deficient investment advice regarding asset management for the plan. 302 F.3d at 3. The complaint alleged that the defendant "failed to provide adequate information concerning its investment practices, to provide accurate actuarial statements, and to disclose that the plan was underperforming." <u>Id.</u> at 3-4. On appeal, the plaintiffs argued that they were not alleging that the defendant acted as a fiduciary under ERISA, but rather as a "provider of garden-variety professional services" regulated by state laws that did not affect ERISA's regulatory scheme. <u>Id.</u> The First Circuit rejected this argument, finding that by the complaint's terms, the defendant

---

[4] At the time of removal, defendant CPC had not yet been served.

Asociación de Enfermería Visitante Gregoria Auffant, Inc., et al. v.                                           Page 7
Great West Life and Annuity Insurance Co., et al.
CIVIL NO. 09-1514 (BJM)
REPORT AND RECOMMENDATION

qualified as an ERISA fiduciary with respect to plaintiff's employee benefit plan. Since "in reality" the state law claims alleged breach of fiduciary duty under ERISA to provide competent investment advice and services, the court held, ERISA completely preempted the plaintiffs' state law claims. Id. at 3-4 (citing 29 U.S.C. § 1002(21)(A); further citations omitted).

The same analysis applies to the instant case. Under ERISA, a person is a "fiduciary" with respect to an employee benefit plan if he (1) "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets," (2) "renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so," or (3) "has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A). "Investment advice" includes "advice as to the value of securities or other property, or as to the advisability of investing in, purchasing, or selling securities or other property, where the advice is individualized and is rendered on a regular basis pursuant to a mutual agreement for a fee." Dudley Supermarket, 302 F.3d at 3-4 (citation omitted). According to the complaint, pursuant to the Contracts with plaintiffs, "[d]efendants have been financial planning advisors for plaintiff and have jointly provided the administrative services for employee benefits offered by AEVGA," including management, consulting, and administration services for the Plans and the assets contained therein. (Docket No. 1-6, ¶¶ 3-14). Therefore, by the terms of the complaint, defendants qualify as ERISA fiduciaries.[5]

Plaintiffs' breach of contract claim seeks damages "for failure to comply with [defendants'] obligation to properly administer the retirement plans," including failure to provide adequate

---

[5] In opposing defendants' motions to dismiss, plaintiffs change course from their complaint and argue for the first time that defendants are liable as fiduciaries under ERISA. (Docket Nos. 57, 74). However, plaintiffs have never moved to amend their complaint to state causes of action under ERISA instead of or in addition to Puerto Rico law. Moreover, the time to amend has passed. FED. R. CIV. P. 15(a). Accordingly, I will not consider any causes of action under ERISA.

Case 3:09-cv-01514-BJM Document 80 Filed 12/06/10 Page 8 of 17

**Asociación de Enfermería Visitante Gregoria Auffant, Inc., et al. v.**  Page 8
**Great West Life and Annuity Insurance Co., et al.**
CIVIL NO. 09-1514 (BJM)
**REPORT AND RECOMMENDATION**

financial assistance or key information regarding the Annuity Plan, to process Pension Plan benefit payments, or to prepare the Pension Plan's actuarial reports. (Docket Nos. 1-6, ¶¶ 12, 14, 19; 74, p. 3). At its core, this claim is for breach of fiduciary duty while defendants were acting as ERISA fiduciaries, even though, like the plaintiffs in Dudley Supermarket, plaintiffs' complaint disclaims any "fiduciary action," ostensibly because defendants refused to acknowledge any fiduciary status. (Id. at ¶ 23). Plaintiffs' breach of contract claim is premised upon defendants' conduct in administering the Plans, so ERISA's full preemptive force must apply. Levy v. Chandler, 287 F. Supp. 2d 831, 839 (E.D. Tenn. 2003). I therefore recommend that the district court **grant** both the Metropolitan defendants' and CPC's motions to dismiss the breach of contract claim.

    **B.    PRUSA**

I do not, however, find defendants' preemption argument persuasive as to plaintiffs' other claim, alleging violations of various registration and notification requirements that PRUSA imposes on broker-dealers, investment advisors, and the securities they offer and sell. See 10 L.P.R.A. §§ 861, 871, 874(d), 890(a)(1). Plaintiffs allege that the Annuity Plan lost value because defendants failed to register the Annuity Contract with the OCFI, give AEVGA's officers a prospectus about the Annuity Plan's investment options, or appoint an authorized representative to provide financial assistance and claims handling. (Docket No. 1-6, ¶¶ 12, 15, 16, 18).

Under ERISA's "saving clause," laws that "regulate[] insurance, banking, or securities" are generally saved from preemption. 29 U.S.C. § 1144(b)(2)(A). There is no question that PRUSA is a law that regulates securities. Courts have found the saving clause applicable to state laws prohibiting insurers from conducting business in the state without acquiring a certificate of authority from the state's insurance regulating agency. E.g., Wayne Chemical, Inc. v. Columbus Agency Serv. Corp., 567 F.2d 692 (7th Cir. 1977); Comm-Exec Investigations, Inc. v. Cutrona Ins. Agency, Inc., 976 F. Supp. 770, 771-72 (N.D. Ill. 1997). The court in Comm-Exec held that ERISA did not preempt the state law at issue because that law applied "to all insurance carriers and to all insurance

**Asociación de Enfermería Visitante Gregoria Auffant, Inc., et al. v.**     Page 9
**Great West Life and Annuity Insurance Co., et al.**
CIVIL NO. 09-1514 (BJM)
**REPORT AND RECOMMENDATION**

policies across the board, having no particular focus on employee benefit plans or on the carriers that insure them." Comm-Exec, 976 F. Supp. at 772 (distinguishing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 62 (1987)). Moreover, the DOL, in an advisory opinion, took the view that "it would be contrary to Congressional intent to conclude that states, while having the authority to apply insurance laws to such plans, do not have the authority to require and enforce registration, licensing, reporting, and similar requirements necessary to establish and monitor compliance with those laws." United States Department of Labor, Pension and Welfare Benefits Administration, Advisory Opinion 90-18A, p. 4. By analogy, the same rationale applies to the pertinent provisions of PRUSA, which regulate "registration, licensing, reporting, and similar requirements" in relation to the offer and sale of securities across the board, without singling out employee benefit plans.

However, as the Supreme Court has clarified in more recent cases, even laws that nominally fall within the ERISA saving clause may still be preempted if they conflict with Congress's policy of providing "exclusively federal remedies." Rush Prudential HMO, Inc. v. Moran, 536 U.S. 355, 377 (2002). "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004). In Aetna Health, the plaintiffs were plan participants and beneficiaries suing for benefits denied by the plan provider; they "did not attempt to remedy any violation of a legal duty independent of ERISA." Pharm. Care Mgmt. Ass'n v. Rowe, 429 F.3d 294, 305 (1st Cir. 2005).

Plaintiffs' PRUSA claim, by contrast, seeks a remedy for just such an independent legal duty. PRUSA's registration requirements "'have no real bearing on the intricate web of relationships among the principal players in the ERISA scenario (e.g., the plan, the administrators, the fiduciaries, the beneficiaries, and the employer).'" Rowe, 429 F.3d at 305 (quoting Carpenters Local Union No. 26 v. U.S. Fid. & Guar. Co., 215 F.3d 136, 141 (1st Cir. 2000)). In their role as offerors and sellers of securities, as opposed to their role of plan administrators as discussed above in section I.A,

Case 3:09-cv-01514-BJM   Document 80   Filed 12/06/10   Page 10 of 17

**Asociación de Enfermería Visitante Gregoria Auffant, Inc., et al. v.**                                Page 10
**Great West Life and Annuity Insurance Co., et al.**
CIVIL NO. 09-1514 (BJM)
**REPORT AND RECOMMENDATION**

defendants were not "acting as an ERISA fiduciary." Dudley Supermarket, 302 F.3d at 3; 29 U.S.C. § 1002(21)(A). While non-fiduciaries may still be liable for violating certain provisions of ERISA or the terms of the plan, Harris Trust and Sav. Bank v. Salomon Smith Barney, Inc., 530 U.S. 238, 246 (2000), ERISA neither proscribes nor provides a remedy for the conduct alleged by plaintiffs, that is, failure to comply with securities registration requirements. See 29 U.S.C. §§ 1104 (fiduciary duties under ERISA), 1132 (civil enforcement remedy). Since PRUSA does not duplicate, supplement, or supplant ERISA's civil enforcement remedy with respect to the registration and notification provisions, PRUSA falls within ERISA's saving clause.[6] Rowe, 429 F.3d at 305. Accordingly, plaintiffs' PRUSA claim is not preempted by ERISA. I turn, then, to defendants' Rule 12(b)(6) challenge to that claim.

## II.  Rule 12(b)(6) Challenge to PRUSA Claim

Defendants argue that plaintiffs' claim under unspecified provisions of PRUSA should be dismissed for failing to meet the Twombly/Iqbal plausibility standard pursuant to Federal Rule of Civil Procedure 8(a) ("Rule 8(a)") or the pleading requirements of Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"), the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(c), and Securities and Exchange Commission Rule 10b-5 ("Rule 10b-5"), 17 C.F.R. § 240.10b-5.[7] (Docket Nos. 45, p. 6-13; 66, p. 7-12). Plaintiffs respond that the complaint's

---

[6] Compare As You Sow v. AIG Fin. Advisors, Inc., 584 F. Supp. 2d 1034 (M.D. Tenn. 2008) (claims under state securities law fell within ERISA saving clause), with Bacon v. Stiefel Labs., Inc., 677 F. Supp. 2d 1331, 1347-48 (S.D. Fla. 2010) (ERISA preempted suit by plaintiff plan participants under state securities law; state law remedy "duplicates the ERISA remedy because ERISA's chief remedy is a suit for benefits").

[7] With respect to defendant CPC, the PRUSA claim may be disposed of briefly. As CPC notes (Docket No. 66, p. 2-3), the PRUSA claim contains absolutely no allegations pertaining to CPC whatsoever, except insofar as CPC is included in the allegations referencing "defendants" generally. (Docket No. 1-6, ¶¶ 10-18). Since the complaint does not show that plaintiffs are entitled to relief from CPC for any PRUSA violations, FED. R. CIV. P. 12(b)(6); Twombly, 550 U.S. at 557, I recommend that plaintiffs' PRUSA claim be **dismissed** as to CPC.

Asociación de Enfermería Visitante Gregoria Auffant, Inc., et al. v.    Page 11
Great West Life and Annuity Insurance Co., et al.
CIVIL NO. 09-1514 (BJM)
**REPORT AND RECOMMENDATION**

allegations are sufficient under all of these standards.[8] (Docket Nos. 57; 74, p. 1-7).

As defendants note (Docket No. 45-2, p. 3), the complaint cites PRUSA generally without specifying which provisions defendants allegedly violated. As noted *supra*, the allegations of failure to register the Annuity Contract, to provide a prospectus for the Annuity Plan, or to designate a registered representative as AEVGA's financial advisor (Docket No. 1-6, ¶¶ 12, 18) impliedly invoke sections 861, 871, and 874(d) of PRUSA, 10 L.P.R.A. §§ 861, 871, 874(d). Section 861 of PRUSA imposes registration and notification requirements on broker-dealers, agents, and investment advisors doing business in Puerto Rico. 10 L.P.R.A. § 861. Section 871, in turn, requires the registration of any security offered or sold in Puerto Rico, subject to certain exceptions. 10 L.P.R.A. § 871. Section 874(d) permits the OCFI to require, as a condition for registering a security, that a prospectus containing certain information be provided to a buyer or offeree either before or concurrently with the offer, sale, payment, or delivery of a security. 10 L.P.R.A. § 874(d). PRUSA provides a private civil right of action against whoever offers or sells a security in violation of section 861(a),[9] 871, or 874(d), *inter alia*, and whoever "directly or indirectly controls" such a seller, subject to a limitations period of two years after the sale of the security. 10 L.P.R.A. § 890(a)-(b).

Defendants argue that "plaintiffs' complaint lacks particular and concrete allegations of misrepresentation or fraud" and thus does not meet the PSLRA's or Rule 9(b)'s pleading requirements. Defendants argue additionally that the complaint does not meet the threshold

---

[8] Plaintiffs' opposition to the Metropolitan defendants' motion to dismiss argues, for the first time, that defendants violated the Securities Act of 1933, 15 U.S.C. § 77a *et seq*. (Docket No. 57; see also Docket No. 74). As noted, plaintiffs have never amended the complaint, and I will not read a Securities Act cause of action into the complaint.

[9] Importantly, PRUSA imposes civil liability pursuant only to subsection (a) of section 861, not section 861's remaining provisions. Section 861(a) provides, "It is unlawful for any person to transact business in Puerto Rico as a broker-dealer or agent unless he is registered under this chapter." 10 L.P.R.A. § 861(a). The remaining provisions pertain to investment advisors, the employment of agents or representatives by broker-dealers and investment advisors, and the expiration and renewal of registrations. 10 L.P.R.A. § 861(b)-(g).

Case 3:09-cv-01514-BJM   Document 80   Filed 12/06/10   Page 12 of 17

**Asociación de Enfermería Visitante Gregoria Auffant, Inc., et al. v.**                                Page 12
**Great West Life and Annuity Insurance Co., et al.**
CIVIL NO. 09-1514 (BJM)
**REPORT AND RECOMMENDATION**

requirement of economic loss for a claim under Rule 10b-5, which prohibits any act or omission resulting in fraud or deceit in connection with the purchase or sale of any security. 17 C.F.R. § 240.10b-5. (Docket Nos. 45-2, p. 6-12; 66, p. 7-9).

Defendants have misconstrued the complaint (understandably, as the complaint is hardly a model of clarity). They apparently presume that plaintiffs are suing under section 890(a)(2) of PRUSA, which imposes civil liability on any person who offers or sells a security by fraudulent means. 10 L.P.R.A. § 890(a)(2). The complaint never mentions fraud, nor is fraud an element of any of the relevant substantive PRUSA provisions. Section 890(a)(1), not section 890(a)(2), makes liable "[a]ny person who . . . [o]ffers or sells a security in violation of" those provisions. 10 L.P.R.A. § 890(a)(1). Therefore, the complaint does not implicate Rule 10b-5. Furthermore, since fraud is not implicated in plaintiffs' cause of action, the court finds inapplicable the heightened pleading requirements of particularity and specificity that Rule 9(b) and the PSLRA impose. See FED. R. CIV. P. 9(b) (requiring particularity of allegations of fraud or mistake); 15 U.S.C. § 78u-4(b)(1) (requiring specificity of allegations of misleading statements and omissions in private securities fraud actions).

Next, the Metropolitan defendants contend that plaintiffs' claim does not satisfy the Rule 8(a) requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a), because the complaint merely contains a conclusory allegation of "violations of securities laws" without noting any specific statute or concrete fact. Defendants claim that the complaint thus fails to give them fair notice of the claim against them. (Docket No. 45-2, p. 12-14).

The complaint alleges that the Annuity Plan, which was "issued by General American and maintained by Metropolitan Life, MetLife, Great West and Fascore," was offered and sold to AEVGA without being registered with the OCFI, without the designation of a registered representative or agent to provide financial assistance to AEVGA, and without the submission of a copy of the Annuity Plan's prospectus to AEVGA's officers. (Docket No. 1-6, ¶ 12). The complaint

**Asociación de Enfermería Visitante Gregoria Auffant, Inc., et al. v.**  Page 13
**Great West Life and Annuity Insurance Co., et al.**
CIVIL NO. 09-1514 (BJM)
**REPORT AND RECOMMENDATION**

also alleges that General American, Metropolitan, and Great West "maintained" the Annuity Contract without giving AEVGA an authorized, registered representative to provide financial assistance. (Id., ¶ 14).

The complaint does not allege that any defendant other than General American offered or sold AEVGA the Annuity Contract, or any securities covered by the Annuity Plan, as required for direct liability under section 890(a)(1). 10 L.P.R.A. § 890(a)(1); see also 10 L.P.R.A. § 881(j)(1)-(2) (defining "sell," "sale," "offer," and "offer to sell"). Therefore, plaintiffs' allegations are insufficient to state a claim for the direct liability of any defendant except, possibly, General American, as will be discussed in more detail *infra*. However, section 890(b) of PRUSA extends liability to the same degree as the seller, jointly and severally, to

> [e]very person who directly or indirectly controls a seller liable under subsection (a), every partner, officer, or director of such a seller, every person occupying a similar status or performing similar functions, every employee of such a seller who materially aids in the sale, and every broker-dealer or agent who materially aids in the sale.

10 L.P.R.A. § 890(b). The complaint alleges that Metropolitan is affiliated with General American and that MetLife, in turn, is a subsidiary of Metropolitan. (Docket No. 1-6, ¶¶ 3-5). The complaint further alleges that "[d]efendants have been financial planning advisors for plaintiff and have jointly provided . . . administrative services" and that "General American, Metropolitan and Great West have maintained" the Annuity Contract. (Id., ¶¶ 11, 14). I find these allegations insufficient to allege vicarious liability under any portion of section 890(b). Plaintiffs do not allege that the other defendants controlled General American or materially aided in the sale of the Annuity Contract, and the complaint does not contain enough factual content to show that the other defendants had a similar status or functions as General American. See Iqbal, 129 S.Ct. at 1952; Twombly, 550 U.S. at 570. Accordingly, I recommend that the court **dismiss** plaintiffs' PRUSA claim against all defendants save General American, namely, Metropolitan, MetLife, Great West, GWFS, and Fascore (as well as CPC, as noted *supra*).

**Asociación de Enfermería Visitante Gregoria Auffant, Inc., et al. v.**  Page 14
**Great West Life and Annuity Insurance Co., et al.**
CIVIL NO. 09-1514 (BJM)
**REPORT AND RECOMMENDATION**

The question remains, then, whether the complaint's allegations are sufficient to state a claim against General American. PRUSA imposes civil liability on any person who offers or sells a security where (1) that person is transacting business in Puerto Rico as a broker-dealer or agent without being registered under PRUSA; (2) the security has not been registered under PRUSA; or (3) the OCFI has, as a condition of registration, required "through regulation or order" that a prospectus containing certain information "be sent or given to each person to whom an offering is made before or concurrently with" the first written offering, sale, payment, or delivery of a security. 10 L.P.R.A. §§ 861(a), 871, 874(d), 890(a)(1).

The complaint alleges that General American issued the Annuity Contract to AEVGA, and that the Annuity Contract was offered and sold without registering it with the OCFI, providing a prospectus for the Annuity Plan, or appointing an authorized, registered representative for AEVGA. (Docket No. 1-6, ¶¶ 3, 12). These allegations are insufficient to state a claim under section 874(d). There is no allegation that the OCFI did, in fact, issue a regulation or order conditioning registration of the Annuity Contract on the issuance of a prospectus. See 10 L.P.R.A. § 874(d). Thus, the court cannot infer more than the mere possibility of misconduct, and plaintiffs have not shown entitlement to relief. Iqbal, 129 S.Ct. at 1949.

Nor have plaintiffs stated a claim under section 861(a) of PRUSA, which prohibits transacting business in Puerto Rico "as a broker-dealer or agent unless [the person] is registered under this chapter." 10 L.P.R.A. § 861(a). PRUSA defines "broker-dealer" as "any person engaged in effecting transactions in securities" but does not include "[a]n agent" or "[a]n issuer." 10 L.P.R.A. § 881(c). An "agent" is "any individual other than a broker-dealer, who represents a broker-dealer, or an issuer, in conducting or attempting to conduct the purchase or sale of securities," subject to certain exclusions not relevant here. 10 L.P.R.A. § 881(b). An "issuer" is "any person who issues or proposes to issue any security." 10 L.P.R.A. § 881(g). A "security" means "any . . . investment contract." 10 L.P.R.A. § 881(l). The complaint alleges that General American issued the Contracts

**Asociación de Enfermería Visitante Gregoria Auffant, Inc., et al. v.**  Page 15
**Great West Life and Annuity Insurance Co., et al.**
CIVIL NO. 09-1514 (BJM)
**REPORT AND RECOMMENDATION**

to plaintiffs and that the Contracts are investment contracts. (Docket No. 1-6, ¶¶ 3, 4, 6, 12). Accordingly, the complaint alleges that General American is an issuer of a security and therefore excluded from the definition of "broker-dealer." There are no allegations that General American qualifies as an "agent" under PRUSA. Since section 861(a) makes it unlawful to "transact business in Puerto Rico *as a broker-dealer or agent* unless . . . registered under this chapter," 10 L.P.R.A. §§ 861(a) (emphasis added), plaintiffs have not stated a claim for violation of section 861(a). See 10 L.P.R.A. § 890(a)(1) (imposing liability for violation of subsection (a) only of section 861).

Finally, the court finds the complaint's allegations sufficiently state a claim under section 871 of PRUSA, which prohibits any person from offering or selling any security in Puerto Rico unless the security has been registered under PRUSA's provisions. 10 L.P.R.A. § 871(1). The complaint alleges that General American issued the Contracts to plaintiffs and that the Contracts were offered and sold without being registered with the OCFI. (Docket No. 1-6, ¶¶ 3, 12). While the court need not accept as true "naked assertions devoid of further factual enhancement," Iqbal, 129 S.Ct. at 1949-50, it is unclear what more plaintiffs would have to say in order to adequately allege defendant's failure to act, which is precisely what the law prohibits. See FED. R. CIV. P. 8(a). I find that plaintiffs have sufficiently stated a claim against General American under section 871 of PRUSA.

Accordingly, I recommend that the court **dismiss** plaintiffs' PRUSA cause of action against all defendants, except for the claim under 10 L.P.R.A. § 871 against General American only.

### III. Failure to Prosecute or Comply with Court Orders

The Metropolitan defendants also argue that the complaint should be dismissed for lack of prosecution and for plaintiffs' repeated flouting of the deadlines set by the court. (Docket No. 45, p. 14-17). Rule 41(b) of the Federal Rules of Civil Procedure provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). "[T]he district court's decision to dismiss a claim for failure to prosecute with or without prejudice is ordinarily within its discretion." The Shell Co.

**Asociación de Enfermería Visitante Gregoria Auffant, Inc., et al. v.**  Page 16
**Great West Life and Annuity Insurance Co., et al.**
CIVIL NO. 09-1514 (BJM)
**REPORT AND RECOMMENDATION**

(P.R.) Ltd. v. Los Frailes Serv. Station, Inc., 605 F.3d 10, 26 (1st Cir. 2010).  While dismissal is appropriate only when a plaintiff's misconduct is extreme, wasting the court's time and ignoring court deadlines have been found reason enough to dismiss a complaint.  Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002) (citing Enlace Mercantil Internacional, Inc., v. Senior Indus., Inc., 848 F.2d 315, 317 (1st Cir. 1988); Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)).

The Metropolitan defendants argue that plaintiffs have failed to prosecute their case, given their repeated requests for extension of time, failure to meet their own or the court's deadlines, and failure to amend their pleadings despite significant developments since the filing of the complaint. (Docket No. 45-2, p. 14-17).  Defendants argue that such disregard for court orders and the court's need for efficient case management in the context of a crowded calendar merit dismissal.  Certainly plaintiffs' habitual noncompliance with the court's orders is cause for considerable concern. Nevertheless, in light of the foregoing discussion, the case has been narrowed down to a single claim against a single defendant, which will simplify matters for both the parties and the court going forward.  While I would caution plaintiffs to be more heedful in the future of the deadlines set by the court, I do not find that plaintiffs' torpid approach to their own case warrants dismissal at the present time.  Therefore, I recommend that the court **deny** the Metropolitan defendants' motion to dismiss the complaint on the alternative basis of Rule 41(b).

## CONCLUSION

For the reasons explained above, I recommend that the court **GRANT** the motions to dismiss (Docket Nos. 45, 66) as to all defendants except General American.  As to General American, I recommend that the court **GRANT** its motion to dismiss as to all claims except the claim brought under section 871 of PRUSA, 10 L.P.R.A. § 871.

This report and recommendation is filed pursuant to 28 U.S.C. 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court.  Any objections to the same must be specific and must be filed with

**Asociación de Enfermería Visitante Gregoria Auffant, Inc., et al. v.**     Page 17
**Great West Life and Annuity Insurance Co., et al.**
CIVIL NO. 09-1514 (BJM)
**REPORT AND RECOMMENDATION**

the Clerk of Court within fourteen days of its receipt. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. See <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Davet v. Maccorone</u>, 973 F.2d 22, 30-31 (1st Cir. 1992); <u>Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.</u>, 840 F.2d 985 (1st Cir. 1988); <u>Borden v. Sec'y of Health & Human Servs.</u>, 836 F.2d 4, 6 (1st Cir. 1987).

    **IT IS SO RECOMMENDED**.

    In San Juan, Puerto Rico, this 6th day of December, 2010.

                                                       *S/ Bruce J. McGiverin*
                                                       BRUCE J. McGIVERIN
                                                       United States Magistrate Judge