IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**ASOCIACION DE ENFERMERIA
VISITANTE AUFFANT, INC., et al.**

    Plaintiffs,

    v.

**GREAT-WEST LIFE AND ANNUITY
INSURANCE COMPANY, et al.**

    Defendants.

CIVIL NO. 09-1514 (GAG)

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE BRUCE J. MCGIVERIN

On December 6, 2010, Magistrate Judge Bruce J. McGiverin filed a report and recommendation (Docket No. 80) regarding two motions to dismiss (Docket Nos. 45 & 66) filed in the instant case. The motion to dismiss at Docket No. 45 was filed by defendant Caribbean Pension Consultants, Inc. ("CPC"). The motion to dismiss at Docket No. 66 was filed by various defendants, referred to collectively as the "Metropolitan defendants."[1] In his report, Magistrate Judge McGiverin recommends that the court grant CPC's motion and grant in part and deny in part the Metropolitan defendants' motion. After reviewing Judge McGiverin's report and considering the plaintiff's objections (Docket No. 83) as well as the Metropolitan defendants' response to these objections (Docket No. 89) the court **ADOPTS** Judge McGiverin's recommendation in whole and accordingly **GRANTS** CPC's motion to dismiss and **GRANTS** in part and **DENIES** in part Metropolitan defendants' motion to dismiss.

In his report, Judge McGiverin recommends that plaintiffs' breach of contract claims must

---

[1] The term "Metropolitan defendants" refers collectively to Great-West Life and Annuity Insurance Company, Metropolitan Life Insurance, Metlife Securities, Inc., and General American Life Insurance Company ("General American").

**Civil No. 09-1514 (GAG)**

be dismissed as they are preempted by ERISA. (See Docket No. 80 at 6-8.) As to plaintiff's claims under the Puerto Rico Uniform Securities Act ("PRUSA"), Judge McGiverin recommends these claims be dismissed as to co-defendants Great-West Life and Annuity Insurance Company, Metropolitan Life Insurance, and Metlife Securities, for plaintiff's failure to sufficiently plead a cause of action against these defendants under PRUSA. (See id. at 10-15.)

Plaintiffs oppose Judge McGiverin's findings on three grounds: (1) that the Metropolitan defendants' improper administration of the contracts does not incorporate fiduciary duties, and therefore these claims are not preempted by ERISA; (2) that they successfully alleged that CPC breached the contract entered into in connection with the administration of the plans; and (3) that in finding plaintiffs' had sufficiently pled a violation of PRUSA § 871, Judge McGiverin failed to consider General American's actions with respect to the United States Securities Act of 1933. The court will respond to each objection in turn.

With respect to plaintiffs' first grounds for objection, Judge McGiverin addressed these contentions in his report. The report points to specific allegations in plaintiff's complaint that allege breaches of fiduciary duties on behalf of entities acting as fiduciaries for ERISA purposes. (See id. at 7-8.) Judge McGiverin states that because "[p]laintiffs' breach of contract claim is premised upon defendants' conduct in administering the Plans. . . ERISA's full preemptive force must apply. (See Docket No. 80 at 8.) Judge McGiverin supports his reading of the complaint with applicable First Circuit precedent. See Dudley Supermarket, Inc. v. Transamerica Life Ins. and Annuity Co., 302 F.3d 1,3 (1st Cir. 2002). The court therefore agrees with Judge McGiverin's analysis of plaintiffs' complaint and adopts the same.

As to plaintiffs' second objection, the support cited does not sufficiently oppose Judge McGiverin's recommended grounds for dismissal. As grounds for his recommendation of dismissal of the PRUSA claims against CPC, Judge McGiverin highlights plaintiffs' failure to allege any facts pertaining to CPC's violations of PRUSA. (See id. at 17, n.7.) Plaintiffs attempt to oppose this recommendation by citing to CPC's answer to the complaint as well as to uncontested facts

**Civil No. 09-1514 (GAG)**

supporting plaintiffs' motion for partial summary judgment. (See Docket No. 83 at 5.) This cited support clearly does not cure plaintiffs' failure to satisfy pleading requirements in their complaint. As the complaint was never amended to include these allegations, this court agrees with Judge McGiverin's recommendation.

Finally, plaintiffs object to Judge McGiverin's report by insisting that he did not consider how General American's failure to register the contracts violated the United States Securities Act of 1933. However, as identified in Judge McGiverin's report, plaintiffs have never amended their original complaint to include a Securities Act cause of action. (See Docket No. 80 at 11, n.8.) This claim is mentioned for the first time in plaintiffs' opposition to the Metropolitan defendants' motion to dismiss. Therefore, the court agrees with Judge McGiverin's recommendation not to consider plaintiffs' complaint as alleging a cause of action under the Securities Act of 1933.

For the foregoing reasons, the court **ADOPTS** Judge McGiverin's recommendation in whole and accordingly **GRANTS** CPC's motion to dismiss and **GRANTS** in part and **DENIES** in part Metropolitan defendants' motion to dismiss.

**SO ORDERED.**

In San Juan, Puerto Rico this 27th day of January, 2011.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge

3