IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ASOCIACIÓN DE ENFERMERÍA
VISITANTE AUFFANT, INC., et al.,

    Plaintiffs,

v.

GREAT-WEST LIFE AND ANNUITY
INSURANCE COMPANY, et al.,

    Defendants.

Civil No. 09-1514 (BJM)

**OPINION AND ORDER**

Before the court are cross-motions for summary judgment filed by plaintiffs Asociación de Enfermería Visitante Gregoria Auffant, Inc. ("AEVGA") and Plan de Beneficios Definidos de AEVGA ("Pension Plan") (collectively, "AEVGA" or "plaintiffs") and defendant General American Life Insurance Company ("General American" or "defendant") on plaintiffs' sole remaining claim from their complaint (Docket Nos. 1-5, 1-6) under Section 871 of the Puerto Rico Uniform Securities Act ("PRUSA"), as amended, 10 L.P.R.A. § 871.[1] (Docket Nos. 96, 99). The parties filed respective motions in opposition and replies. (Docket Nos. 100, 102, 103). For the reasons that follow, defendant's motion is **granted** and plaintiffs' motion is **denied**.

**STANDARD OF REVIEW**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining if a material fact is

---

[1] The court previously dismissed all other claims against General American and dismissed from the case all other defendants named in the complaint, namely, Great-West Life and Annuity Insurance Company ("Great West"), Metropolitan Life Insurance ("Metropolitan"), Metlife Securities, Inc. ("Metlife"), Caribbean Pension Consultants, Inc. ("CPC"), Fascore LLC ("Fascore"), and GWFS Equities, Inc. ("GWFS"). (Docket No. 91).

**Asociación de Enfermería Visitante Gregoria Auffant, Inc., et al. v.**  Page 2
**Great West Life and Annuity Insurance Co., et al.**
Civil No. 09-1514 (BJM)
OPINION AND ORDER

"genuine," the court does not weigh the facts but instead ascertains whether the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.; Leary v. Dalton, 58 F.3d 748, 751 (1st Cir. 1995).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [evidence] . . . which it believes demonstrate the absence of a genuine issue of material fact." Crawford-El v. Britton, 523 U.S. 574, 600 n.22 (1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)); Fed. R. Civ. P. 56(c)(1)(A). Once this threshold is met, the burden shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Of course, the court draws inferences and evaluates facts "in the light most favorable to the nonmoving party." Leary, 58 F.3d at 751.

### FACTUAL AND PROCEDURAL BACKGROUND

The following material facts are either undisputed or conclusively supported by the evidentiary record except where otherwise noted.[2]

Plaintiff AEVGA is a nonprofit corporation exempted from taxation under the Puerto Rico Internal Revenue Code. (Docket No. 99-1, ¶ 1). In recent years, AEVGA has been offering to its

---

[2] In determining what facts are supported by the evidentiary record, I have applied Local Rule 56(e):

> Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted. An assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion. The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

The court notes that defendant did not include a statement of material facts with its motion (Docket No. 96) and did not file an opposing statement of facts in responding to plaintiffs' motion (Docket No. 100), in violation of Local Rule 56(b)-(c). Accordingly, plaintiffs' facts have been deemed admitted where properly supported by record citations.

**Asociación de Enfermería Visitante Gregoria Auffant, Inc., et al. v.**   Page 3
**Great West Life and Annuity Insurance Co., et al.**
Civil No. 09-1514 (BJM)
OPINION AND ORDER

employees several employee benefit plans, including a 401(k) plan, the Pension Plan, and an annuity deferred compensation plan (the "Annuity Plan"). (Id., ¶ 2). AEVGA established and operates the Annuity Plan as an annuity plan for employees of exempt organizations. (Id., ¶¶ 3, 7, 8).

The Annuity Plan fund is currently invested in variable annuity contract number 454137-P (the "Annuity Contract"), issued by defendant General American. AEVGA holds the Annuity Contract as part of its assets and reports it as a restricted asset in its financial statement. (Id., ¶¶ 5, 7, 12). AEVGA purchased the Annuity Contract from General American in or around 2001. (Docket No. 99, p. 1). The variable annuity sold to AEVGA to fund the Annuity Plan was not registered as a security under the Puerto Rico securities laws. (Docket No. 99-1, ¶ 10). General American continued managing the Annuity Contract without registering the security as required by the securities laws and without providing plan participant account and benefit statements. (Id., ¶ 13).

As part of a bundled agreement with AEVGA, General American was engaged to provide the administration services for the Annuity Contract, and did so through an agent until 2005. (Id., ¶¶ 3, 4, 6, 18). The Annuity Contract was transferred to Metropolitan in April 2003, then in October 2006 to Great West. (Id., ¶¶ 9, 15, 16, 20, 22). No Annuity Plan account statements or reports have been prepared since November 2006. (Id., ¶¶ 21-26). Plaintiffs allege that due to the lack of proper registration, no prospectus has ever been delivered from General American to AEVGA or to the Annuity Plan participants, and General American's successors, Metropolitan and Great West, have been impaired in carrying out their plan administration responsibilities. (Id., ¶¶ 11, 14, 41; Docket No. 99-3, p. 1). The instant complaint was originally filed in the Puerto Rico courts on March 26, 2009 (Docket No. 1-6), then removed to this court on June 9, 2009. (Docket No. 1). The court has since dismissed all defendants named in the complaint save General American. (Docket No. 91).

## DISCUSSION

Section 871 of PRUSA requires the registration of any security offered or sold in Puerto Rico, subject to certain exceptions. 10 L.P.R.A. § 871(1). PRUSA imposes civil liability on

**Asociación de Enfermería Visitante Gregoria Auffant, Inc., et al. v.**  Page 4
**Great West Life and Annuity Insurance Co., et al.**
Civil No. 09-1514 (BJM)
OPINION AND ORDER

whoever offers or sells a security in violation of Section 871, *i.e.*, without registering the security in accordance with PRUSA's requirements, and whoever "directly or indirectly controls" such a seller, subject to a limitations period of two years after the sale of the security. 10 L.P.R.A. § 890(a), (b), (e). Section 890(e) of PRUSA states, "No person may bring a civil suit pursuant to the provisions of this section more than two (2) years after the sale contract has been executed." 10 L.P.R.A. § 890(e).

Plaintiffs request summary judgment based on the undisputed fact that General American filed to register the Annuity Contract in accordance with PRUSA's requirements. (Docket No. 99). Defendant General American requests summary judgment on the grounds that the action is time-barred. (Docket No. 96). As defendant notes (Docket No. 100, p. 2), plaintiffs' motion for summary judgment expressly concedes that General American sold the Annuity Contract to AEVGA on or around 2001. (Docket No. 99, p. 1). The complaint was not filed until 2009. (Docket No. 1).

The court agrees with defendant. In actions alleging fraud under federal securities law, the two-year limitations period applies but does not begin to run until the date the injured party knew or should have known of the fraud. Verrecchia v. Paine, Webber, Jackson & Curtis, 563 F. Supp. 360, 368 (D.P.R. 1982). Here, however, plaintiffs make no allegation of fraud (see Docket No. 80, p. 12), and the court has dismissed any and all federal securities law claims. (Docket No. 91). Plaintiffs allege only that defendant failed to register the Annuity Contract as required by Section 871. Accordingly, the two-year limitations period began running when the Annuity Contract was sold in 2001 and had long since expired by the time plaintiffs brought the instant action. Defendant is therefore entitled to judgment as a matter of law.

Plaintiffs acknowledge that "although the claim for failure to register the securities may be time barred as alleged by General American, there are enough grounds for this Honorable Court to reconsider its prior decision" dismissing the other claims. (Docket No. 102, p. 2). Plaintiffs have not filed a motion under Federal Rule of Civil Procedure 59 for reconsideration of the court's prior

**Asociación de Enfermería Visitante Gregoria Auffant, Inc., et al. v.**      Page 5
**Great West Life and Annuity Insurance Co., et al.**
Civil No. 09-1514 (BJM)
OPINION AND ORDER

order (Docket No. 91), and the court will not accept plaintiffs' invitation to treat their summary judgment motion as a motion for reconsideration. Even were the court to do so, plaintiffs did not file their motion until March 4, 2011 (Docket No. 99), after the time to move for reconsideration had already run. See Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). The court's previous order stands.

## CONCLUSION

For the reasons explained above, defendant's motion for summary judgment (Docket No. 96) is **GRANTED** and plaintiffs' motion for summary judgment (Docket No. 99) is **DENIED**. Judgment to enter accordingly.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 9th day of May, 2011.

                                                   *S/ Bruce J. McGiverin*
                                                   BRUCE J. McGIVERIN
                                                   United States Magistrate Judge